IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**AXIALL CORPORATION,**

       Plaintiff,

v.

                                              **Civil Action No. 5:20-CV-117**
                                              Judge Bailey

**INTERNATIONAL CHEMICAL
WORKERS UNION COUNCIL
OF THE UNITED FOOD AND
COMMERCIAL WORKERS** and
**THE INTERNATIONAL CHEMICAL
WORKERS UNION COUNCIL OF THE
UNITED FOOD AND COMMERCIAL
WORKERS, LOCAL UNION NO. 45C,**

       Defendants.

## MEMORANDUM OPINION AND ORDER

       Pending before this Court is Plaintiff's Motion to Alter or Amend Judgment and

Supporting Memorandum [Doc. 34], filed on March 9, 2021.  Thereafter, defendants filed a

Memorandum in Opposition to Plaintiff's Motion to Alter or Amend Judgment and Request for

Attorney Fees [Doc. 35] on March 23, 2021.  Plaintiffs filed a Reply to the Unions'

Memorandum in Opposition to Plaintiff's Motion to Alter or Amend Judgment [Doc. 36] on

March 30, 2021.  Having been fully briefed, this matter is ripe for adjudication.  For the

reasons that follow, this Court will deny the Motion

## BACKGROUND

The underlying facts of this litigation are largely uncontested and are more fully described in this Court's Memorandum Opinion and Order [Doc. 32], which this Court incorporates herein. In short, plaintiff and defendants were parties to a collective bargaining agreement ("CBA"), which provides for a grievance procedure ultimately resulting in binding arbitration. *See* [Id.]. Defendants filed a grievance on behalf of plaintiff's employee, McGovern, concerning the propriety of his termination. [Id]. The parties did not resolve the grievance and, as a result, an arbitration hearing took place on February 5, 2020, before Arbitrator Charles S. Dunn ("arbitrator"). [Id.]. On May 13, 2020, the arbitrator rendered his Opinion and Award, which sustained defendants' grievance and ordered McGovern to be reinstated with back pay and benefits. [Id.].

To date, plaintiff has not complied with the award and it filed its Complaint [Doc. 1] seeking this Court to vacate the award. Defendants then filed their Answer and Counterclaim [Doc. 11] arguing that this Court should confirm and enforce the award. In a Memorandum Opinion and Order [Doc. 32], this Court denied plaintiff's Motion for Summary Judgment [Doc. 25], granted defendants' Motion for Summary Judgment [Doc. 23], and ordered that the underlying Arbitration Award be enforced. *See* [Doc. 32]. Plaintiff's now move this Court to alter or amend that judgment.

## STANDARD OF REVIEW

"Rule 59(e) [of the Federal Rules of Civil Procedure] allows a party to file a motion to alter or amend the judgment within twenty-eight days of the judgment's entry." *Lucas v. ICG Beckley, LLC*, 2018 WL 1902541, at *1 (S.D. W.Va. Apr. 19, 2018). As this Court has

2

recognized, "it is well established that a Rule 59(e) motion may only be granted: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *Bellotte v. Edwards*, 2010 WL 11519531, at *1 (N.D. W.Va. Jan. 22, 2010) (Bailey, J.) (quoting *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002)); *see also Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 406, 411 (4th Cir. 2010).

"Importantly, however, a Rule 59(e) motion for reconsideration may not be used to 'reargue[ ] the facts and law originally argued in the parties' briefs.' *United States v. Smithfield Foods, Inc.*, 969 F.Supp. 975, 977 (E.D. Va. 1997). *See also Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) ('The Rule 59(e) motion may not be used to relitigate old matters.'). In other words, a motion for reconsideration under Rule 59(e) is inappropriate if it asks the court to 'reevaluate the basis upon which it made a prior ruling' or 'merely seeks to reargue a previous claim.' *United States v. Smithfield Foods*, 969 F.Supp. at 977. Moreover, a reconsideration of a judgment after its entry is an 'extraordinary remedy which should be used sparingly.' *Pacific Ins. Co.*, 148 F.3d at 403." *Projects Mgmt. Co. v. DynCorp Intern., LLC*, 17 F.Supp.3d 539, 541 (E.D. Va. 2014).

## DISCUSSION

Plaintiff seeks to alter or amend this Court's Memorandum Opinion and Order confirming the arbitrator's award to correct a clear error of law and to prevent manifest injustice. [Doc. 34 at 6]. Specifically, plaintiff requests that this Court remove or delete the "Clarification of the Award" section of this Court's previous Memorandum Opinion and Order,

3

thereby altering or amending the judgment to reflect no ruling on the remedies section contained in the arbitrator's award.  [Id. at 1].

According to plaintiff, this Court should not have issued any ruling on remedies as that issue was not final because the arbitrator retained jurisdiction to clarify that issue.  [Id. at 6]. In support of this argument, plaintiff relies on the complete arbitration rule.  [Id. at 7].  The Fourth Circuit has explained the complete arbitration rule as follows:

> [T]he complete arbitration rule provides that a federal court asked to review an arbitrator's decision should refrain from doing so until the arbitrator has decided all facets of the dispute.  Accordingly, when a labor arbitrator first decides liability questions and reserves jurisdiction to decide remedial questions at a later time, as appears to be quite common, a federal court should generally withhold review of the arbitrator's liability decision until the arbitrator has had the opportunity to rule on the remedial questions as well.

*Peabody Holding Co., LLC v. United Mine Workers of Am., Intern. Union, Unincorporated Ass'n*, 815 F.3d 154, 160 (4th Cir. 2016).  Citing this rule, plaintiff contends that the remedy portion of the underlying Arbitration Award was not final because the arbitrator retained jurisdiction to clarify the remedy portion of the award.  [Doc. 34 at 7].

Further, plaintiff argues that the "Clarification of the Award" section of this Court's prior Memorandum Opinion and Order subjects it to manifest injustice by requiring it to issue back pay to the underlying grievant.  [Id. at 12].  Additionally, plaintiff asserts that this Court erred in its Memorandum Opinion and Order by upholding the portion of the Arbitration Award

concerning reinstatement.  [Id. at 11].  In support thereof, plaintiff contends that these remedies, as articulated by the arbitrator, are ambiguous.  [Id. at 12–13].

Finally, plaintiff contends that failure to alter or amend the Memorandum Opinion and Order will result in manifest injustice because the underlying grievant will receive a windfall if plaintiff is required to compensate him for time spent in incarceration.  [Id. at 14].

This Court was not persuaded by plaintiff's arguments in summary judgment briefing, nor is it persuaded by the arguments contained in plaintiff's Motion to Alter or Amend.  Plaintiff filed its Complaint [Doc. 1] seeking a *single cause* of action to have this Court vacate the entirety of the Arbitration Award.  The Arbitration Award directed the reinstatement of the underlying grievant with back pay and benefits. *See* [Doc. 22-1 at 934–949].  In the pending Motion, plaintiff, for the first time, contends that the purpose of the underlying action was not to challenge the remedy portion of the Arbitration Award. [Doc. 34].  In fact, plaintiff admitted in its Answer to defendants' counterclaims that the Arbitration Award was "final and binding" and that this Court had jurisdiction over the matter.  *See* [Doc. 15 at 291–292].

This Court declines to revisit its findings and conclusions contained in its Memorandum Opinion and Order [Doc. 32] concerning the finality and enforceability of the Arbitration Award and concludes, as it did previously, that plaintiff is merely attempting to relitigate the matter because it disagrees with the findings of the arbitrator.

Initially, this Court declined to award defendant attorney fees related to this litigation. As articulated in this Court's Memorandum Opinion and Order [Doc. 32], awards for fees are appropriate in labor relations actions "against a party who, without justification, refuses to abide by an arbitrator's award." ***Local 149, Auto. Workers of America v. American Brake***

*Shoe Co.*, 298 F.2d 212, 216 (4th Cir.1962).  This Court concludes that plaintiff's second attempt through the pending Motion to relitigate the underlying arbitration is without justification, thereby warranting an award of reasonable attorney fees to defense counsel incurred by responding to the subject Motion.

<u>**CONCLUSION**</u>

For the aforementioned reasons, Plaintiff's Motion to Alter or Amend Judgment and Supporting Memorandum **[Doc. 34]** is **DENIED**.  Having found defense counsel is entitled to reasonable attorney fees incurred by responding to the subject Motion, defense counsel is **DIRECTED** to submit a declaration outlining fees and expenses incurred to this Court for review and approval.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** April **22**, 2021.

JOHN PRESTON BAILEY
**UNITED STATES DISTRICT JUDGE**